

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00118-CR

_____

VERNON COOKS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 28190

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In 2012, Vernon Cooks, Jr., pursuant to a plea agreement, pled guilty to stalking[1] and was placed on deferred adjudication community supervision for a period of three years. In 2016, the State moved to revoke Cooks' community supervision and to proceed to an adjudication of his guilt, alleging three distinct violations of Cooks' community supervision. Cooks pled true to all three of the allegations,[2] and after an evidentiary hearing, the trial court granted the State's motion. Cooks was sentenced to 910 days' incarceration. Cooks appeals.

Cooks' attorney has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated January 3, 2018, counsel mailed to Cooks copies of the brief, the appellate record, and the motion to withdraw. Cooks was informed of his rights to review the record and

---

[1]*See* TEX. PENAL CODE ANN. § 42.072 (West 2016).

[2]The trial court found allegation number one, alleging commission of a new offense, true. The trial court made no findings on allegations two and three, which alleged failure to pay fees and court costs.

file a pro se response.  By letter dated January 4, 2018, this Court informed Cooks that any pro se response was due on or before February 5, 2018.  On February 12, 2018, this Court further informed Cooks that the case would be set for submission on the briefs on March 5, 2018.  We received neither a pro se response from Cooks nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[3]

Ralph K. Burgess
Justice

Date Submitted:       March 5, 2018
Date Decided:         March 6, 2018

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.